IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-252-D
No. 5:15-CV-41-D

| | |
|---|---|
| LARRY MAX MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 26, 2015, Larry Max McDaniel ("McDaniel") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 66-month sentence [D.E. 86]. On June 15, 2015, McDaniel amended his section 2255 motion [D.E. 90]. On September 21, 2015, the government moved to dismiss McDaniel's section 2255 motion [D.E. 96] and filed a memorandum in support [D.E. 97]. On September 28, 2015, McDaniel filed a motion for immediate release [D.E. 99]. As explained below, the court grants the government's motion to dismiss and dismisses McDaniel's section 2255 motion.

I.

On January 19, 2012, a federal grand jury returned a superseding indictment charging McDaniel with seven felonies arising from a real estate and bank fraud scheme. See [D.E. 19]. On June 11, 2012, pursuant to a written plea agreement [D.E. 39], McDaniel pleaded guilty to count four in his superseding indictment, which charged McDaniel with making materially false statements to influence financial institutions and aiding and abetting in violation of 18 U.S.C. §§ 1014 and 2. See

[D.E. 19] 13–14. On January 27, 2014, at McDaniel's sentencing hearing, the court calculated McDaniel's advisory guideline range to be 97 to 121 months' imprisonment. See Sentencing Tr. [D.E. 85] 10. The court then granted the government's motion under U.S.S.G. § 5K1.1. See id. 10–12. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and McDaniel's allocution, the court sentenced McDaniel to 66 months' imprisonment. See id. 24–31.

On January 26, 2015, McDaniel filed a motion under 28 U.S.C. § 2255. See [D.E. 86]. On June 15, 2015, McDaniel filed a corrected motion [D.E. 90]. In his section 2255 motion, McDaniel contends that: (1) he committed the crime outside the statute of limitations; therefore, his guilty plea and criminal conviction violate due process under the Fifth Amendment; and (2) his defense lawyer never told McDaniel about the superseding indictment until the day of sentencing; therefore, his guilty plea to count four of the superseding indictment violates the Sixth Amendment. See [D.E. 90] 4–6. On September 21, 2015, the government moved to dismiss McDaniel's section 2255 motion for failure to state a claim upon which relief can be granted. See [D.E. 96]; Fed. R. Civ. P. 12(b)(6). On September 28, 2015, McDaniel filed a motion for immediate release and a response in opposition to the government's motion to dismiss. See [D.E. 99, 100].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly,

2

a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, McDaniel stated under oath that he had consulted with his counsel about all the charges in the superseding indictment, including count four to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 103] 2–7, 9–10, 12–14. McDaniel also swore that he understood the charge to which he was pleading guilty and the maximum penalties for that charge. See id. 6–7. He swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 8–16.

At McDaniel's Rule 11 hearing, McDaniel also swore that he had read and discussed his plea agreement with his lawyer and that he understood each term in his plea agreement (which included terms concerning count four and an appellate waiver). See id. 10–12. At McDaniel's Rule 11 hearing, the court read McDaniel's appellate waiver aloud to him, and McDaniel swore that he understood the rights he was giving up in the waiver. See id. 12. McDaniel also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline

3

range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum on count four. See id. 10, 13–15.

In his plea agreement, McDaniel agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [McDaniel] at the time of [his] guilty plea." Plea Agreement [D.E. 39] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, an appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At the end of his Rule 11 hearing, McDaniel pleaded guilty to count four in the superseding indictment, and the government provided a factual basis for the guilty plea. See Rule 11 Tr. 16–20. The court then accepted McDaniel's guilty plea to count four. See id. 20–22.

In light of the Rule 11 colloquy, McDaniel's guilty plea and appellate waiver are valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537–38; Blick, 408 F.3d at 169. Moreover, McDaniel's two claims fall within the scope of McDaniel's appellate waiver in that he seeks to use this section 2255 proceeding to challenge his conviction, yet he knew when he pleaded guilty the time period of the conduct alleged in count four and could have asserted a statute-of-limitations defense

4

and also knew that his lawyer and the court had discussed the superseding indictment with him. To state the obvious, McDaniel's sworn statements at his Rule 11 hearing are binding on him. See Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Accordingly, the court enforces McDaniel's appellate waiver and dismisses these claims.

Alternatively, McDaniel procedurally defaulted these two claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars McDaniel from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, McDaniel has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, McDaniel's first claim fails on the merits. The statute of limitations for violating 18 U.S.C. § 1014 and 18 U.S.C. § 2 is ten years. See 18 U.S.C. § 3293; United States v. Rabhan, 540 F.3d 344, 347–51 (5th Cir. 2008). Thus, McDaniel's conviction comports with the statute of limitations and due process.

Alternatively, to the extent McDaniel's second claim alleges ineffective assistance of counsel not known to him at the time of his guilty plea, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91

5

(1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge, 431 U.S. at 74 n.4; United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

The record demonstrated that McDaniel's counsel discussed the superseding indictment with him before he pleaded guilty to count four and that McDaniel was fully satisfied with his lawyer's legal services. See Rule 11 Tr. 3–10. The record also demonstrates that the court discussed the superseding indictment with McDaniel at his Rule 11 hearing, including a discussion of count four. See id. 3–10, 13–17. Furthermore, no evidence in the sentencing transcript suggests that McDaniel first learned about the superseding indictment on the day of sentencing. See Sentencing Tr. 2–31. McDaniel's sworn statements at his Rule 11 hearing and sentencing hearing are binding on him and doom his claim that his counsel did not tell him about the superseding indictment until the day of his sentencing hearing. See, e.g., Blackledge, 431 U.S. at 74 n.4; Moussaoui, 591 F.3d at 299–300; LeMaster, 403 F.3d at 221–23.

After reviewing the claims presented in McDaniel's motion, the court finds that reasonable jurists would not find the court's treatment of McDaniel's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 96], DISMISSES McDaniel's section 2255 motions [D.E. 86, 90], DENIES McDaniel's motion for immediate release [D.E. 99], and DENIES a certificate of appealability

7

Case 5:11-cr-00252-D Document 104 Filed 02/10/16 Page 7 of 8

SO ORDERED. This 10 day of February 2016.

                                                                    */s/ James Dever*
JAMES C. DEVER III
Chief United States District Judge