IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-252-D
No. 5:15-CV-41-D
No. 5:16-876-D

LARRY MAX MCDANIEL,                )
                                   )
            Petitioner,            )
                                   )
      v.                           )          **ORDER**
                                   )
UNITED STATES OF AMERICA           )
                                   )
            Respondent.            )

On November 1, 2016, Larry Max McDaniel ("McDaniel") moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 115]. On November 22, 2016, McDaniel filed a corrected motion to vacate his sentence [D.E. 116]. In these motions, McDaniel asks the court to use section 2255, Amendment 794, and U.S.S.G. § 3B1.2 to recalculate his advisory guideline range and resentence him. See id. at 11–12. On March 3, 2017, the government moved to dismiss [D.E. 121] and filed a memorandum in support [D.E. 122].

McDaniel already filed and lost a motion under 28 U.S.C. § 2255 attacking his conviction and sentence. See [D.E. 104]. On August 24, 2016, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed McDaniel's appeal. See [D.E. 112]. The Fourth Circuit has not authorized McDaniel to file a second or successive section 2255 motion.

McDaniel's latest motions continue to attack his sentence. See [D.E. 115, 116]. The court construes McDaniel's motions as successive motions under section 2255. This court lacks subject-matter jurisdiction to consider the motions. See, e.g., 28 U.S.C. § 2255(h); Burton v. Stewart, 549

U.S. 147, 152–53 (2007) (per curiam); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Thus, the court dismisses the motions.

Alternatively, if the court has jurisdiction, the motions fail. Section 1B1.10(d) lists the amendments that receive retroactive application. See U.S.S.G. § 1B1.10(d). That list "does not include Amendment 794." United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished); see United States v. Brewton, No. 16-7709, 2017 WL 1242007, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished). Thus, if the court has jurisdiction, the court denies McDaniel's motions under Amendment 794.

In sum, the court GRANTS the government's motion to dismiss [D.E. 121] and DISMISSES McDaniel's motions [D.E. 115, 116] for lack of subject-matter jurisdiction as successive. Alternatively, the motions fail on the merits. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This **23** day of May 2017.

JAMES C. DEVER III
Chief United States District Judge